# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN MOSLEY JR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-15-1383-R |
| | ) |
| JIM FARRIS, | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner Calvin Mosley Jr., appearing pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1). United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Rule 4 of the Rules Governing Section 2254 Cases obligates the Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." R. 4, R. Governing § 2254 Cases in U.S. Dist. Cts. The undersigned has thus examined the Petition[1] and recommends the Court dismiss it as second or successive.

## RELEVANT BACKGROUND

Petitioner was convicted in March 2003 in Oklahoma County District Court of burglary, assault and battery with a dangerous weapon, and sexual battery. *See* Pet. at 12-14, 17-18; *Mosley v. Dinwiddie*, 267 F. App'x 804, 805 (10th Cir. 2008). Petitioner

---

[1] Citations to the Petition will refer to this Court's CM/ECF pagination.

previously challenged these convictions through two petitions for writ of habeas corpus, both filed under Case Number CIV-06-72-R in this Court. *Mosley*, 267 F. App'x at 805-06. The first petition, filed January 20, 2006, was dismissed without prejudice for failure to provide "a short and plain statement" of its claims as required by Federal Rule of Civil Procedure 8(a). *Id*. The second, filed on October 31, 2006, was held to not relate back to the prior petition and was dismissed as untimely. *Id*.; 28 U.S.C. § 2244(d)(1)(D). The Tenth Circuit dismissed Petitioner's appeal of this decision. *See Mosley*, 267 F. App'x at 806-07.

Petitioner now seeks in the instant Petition to again challenge the same state-court convictions, alleging he has discovered a *Brady* violation[2] in that the State "failed to disclose favorable/exculpatory record evidence to the defense." Pet. at 18. Petitioner references "findings" by the Oklahoma State Bureau of Investigation ("OSBI") regarding "fingerprints" that had been "submitted by the Midwest City Police Department . . . to the OSBI," *see* Pet. at 24, but—despite a lengthy Petition and Brief—does not clearly explain what these findings were or when he discovered them. *See* Pet. at 18, 22-55; Doc. Nos. 1-1 to 1-7.

ANALYSIS

Federal law provides that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an

---

[2] As explained in *Brady v. Maryland*, 373 U.S. 83 (1963), a state prosecutor is required to disclose to a defendant any evidence that "is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87.

2

order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). When a petition is "second or successive," and the Tenth Circuit has not granted authorization, the district court lacks jurisdiction to address its merits. *Case v. Hatch*, 731 F.3d 1015, 1027-28 (10th Cir. 2013); *accord In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

The question of whether a habeas petition is second or successive "must be resolved prior to, and independently of, consideration of the . . . elements of a *Brady* claim." *Case*, 731 F.3d at 1027 (internal quotation marks omitted). The dismissal of Petitioner's previous § 2254 petition as time-barred was "a decision on the merits, and any later habeas petition challenging the same conviction is second or successive" under 28 U.S.C. § 2244(b). *In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011). Petitioner does not allege, nor does the record reflect, that he has sought and been granted authorization to proceed with a second or successive petition for writ of habeas corpus. Accordingly, the undersigned finds the Court lacks jurisdiction over the Petition.

Under such circumstances, the Court may dismiss the Petition or order it transferred to the Tenth Circuit "if [the Court] determines it is in the interest of justice to do so under [28 U.S.C.] § 1631." *In re Cline*, 531 F.3d at 1252; *see also* Fed. R. Civ. P. 12(h)(3); *Berryhill v. Evans*, 466 F.3d 934, 938 (10th Cir. 2006). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the circuit court] for authorization." *In re Cline*, 531 F.3d at 1252.

The Tenth Circuit previously determined that, pursuant to 28 U.S.C. § 2244(d)(1)(D), Petitioner "had until July 13, 2006, to file a § 2254 application" challenging his March 2003 convictions. *Mosley*, 267 F. App'x at 806. In the current Petition, Petitioner claims he has discovered that the state prosecutor failed to disclose "findings" made by the OSBI regarding fingerprints submitted to that agency by the local police department investigating the crimes for which Petitioner was convicted. *See* Pet. at 24, 27. Petitioner concedes that his trial counsel and he "must have known" through testimony at trial about the submission of "fingerprint evidence" to the OSBI. *Id.* at 28. Petitioner does not plainly state what findings he alleges were made by the OSBI and not properly disclosed, when he discovered these findings, that he could not have reasonably discovered the findings at an earlier date, or that the same underlying information was not otherwise known by him. *See* 28 U.S.C. § 2244(d)(1)(D); *see also id.* § 2244(b)(2)(B)(i).

Lacking such allegations, the Petition fails to plead facts that would permit a finding of a later commencement date for § 2244(d)(1)(D)'s one-year limitations period, or additional tolling of that limitations period, as required for the instant Petition to proceed. Accordingly, there is no risk that a meritorious successive claim will be lost absent transfer, and transfer is not "in the interest of justice." 28 U.S.C. § 1631; *see Warren v. Kansas*, 532 F. App'x 802, 802-03 (10th Cir. 2013) (denying petitioner's request for a certificate of appealability and alternative request for authorization to file a successive § 2254 habeas petition and agreeing with the district court's decision to dismiss, rather than transfer, the successive petition when the first petition was

"dismissed as time-barred"). The Petition should be dismissed rather than transferred to the Tenth Circuit.

## RECOMMENDATION

The undersigned recommends that the Petition be dismissed without prejudice. If this recommendation is adopted, it is further recommended that Petitioner's pending motions—for (1) a writ of *habeas corpus ad testificandum* (Doc. No. 4); (2) waiver of travel expenses (Doc. No. 5); (3) discovery (Doc. No. 6); (4) expansion of the record (Doc. No. 8); and (5) evidentiary hearing (Doc. No. 9)—be denied as moot.[3]

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by June 27, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case. The Clerk of the Court is instructed to electronically forward a copy of this Report and Recommendation to the Oklahoma Attorney General on behalf of Respondent at fhc.docket@oag.state.ok.us.

---

[3] The undersigned has reviewed these motions and finds no information that would impact the recommendation that the Petition be dismissed as second or successive.

ENTERED this 6th day of June, 2016.

CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE