# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN MOSLEY JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIV-15-1383-R |
| | ) |
| JIM FARRIS, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Petitioner filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) the matter was referred to United States Magistrate Judge Charles Goodwin for preliminary review. On June 6, 2016 Judge Goodwin issued a Report and Recommendation wherein he recommended that the petition be dismissed as second and successive and Petitioner had not obtained leave to file such a petition as required by 28 U.S.C. § 2244(b)(3)(A). The matter is currently before the Court on Petitioner's timely objection to the Report and Recommendation which gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which Petitioner makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

In the Petition Mr. Mosley notes this is his second attempt at habeas corpus relief via 28 U.S.C. § 2254 with regard to his conviction from the District Court of Oklahoma County. He filed a Petition in Case No. 06-720-R on January 20, 2006, which was dismissed without prejudice when he failed to amend his allegations to comport with the requirements of Rule 8 of the Federal Rules of Civil Procedure. Thereafter Mr. Mosley filed an Amended Petition in that same case which was dismissed as untimely by the Court on September 25, 2007, because it did not relate back to the filing of his original petition. The Tenth Circuit denied Mr. Mosley's request for a Certificate of

Appealability and dismissed his appeal. Based on the dismissal of the prior petition as untimely, Judge Goodwin concluded that the instant petition is second or successive and therefore, the Court lacks jurisdiction to entertain the same. Doc. No. 14 at 3. Judge Goodwin further recommended the Court dismiss this petition rather than transfer it to the Tenth Circuit for consideration of whether a second or successive petition should be authorized. *See In re Cline*, 531 FG.3d 1249, 1251 (10th Cir. 2008).

In his objection Petitioner contends this action should be dismissed without prejudice rather than transferred, he does not specifically challenge the conclusion that this is a second or successive petition. The Court concurs with Petitioner's contention that his Petition, which is a second or successive petition, must be dismissed, because the Court lack's jurisdiction until such time as the Tenth Circuit grants Mr. Mosley leave to file such a petition. As such, his remaining objections are rendered irrelevant, because Judge Goodwin touched upon the merits of Petitioner's *Brady* claim and the timeliness thereof solely for purposes of assessing whether the petition should be dismissed or transferred. Accordingly, the Report and Recommendation is hereby ADOPTED IN ITS ENTIRETY. The petition is hereby DISMISSED FOR LACK OF JURISDICTION. Petitioner's Motion for Writ of Habeas Corpus Ad Testificandum (Doc. No. 4), Motion for Order to Waive Travel Expenses (Doc. No. 5), Motion for Discovery (Doc. No. 6), Motion to Expand the Record (Doc. No. 8) and Motion for Evidentiary Hearing (Doc. No. 9), and Motion for Leave to File Supplement Motion (Doc. No. 15) are hereby DENIED AS MOOT.

IT IS SO ORDERED this 8th day of September, 2016.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE